IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNA A. GRACE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–21–303–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Jenna Anne Grace (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or

mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

### Claimant's Background

The claimant was thirty-two years old at the time of the administrative hearing. (Tr. 15, 69). She possesses at least a high school education. (Tr. 27). She has no past relevant work. (Tr. 26). Claimant alleges that she has been unable to work since March 14, 2019, due to limitations resulting from PTSD, ADHD, ODD, OCD, bipolar disorder, depression, and back problems. (Tr. 83).

### Procedural History

On September 3, 2019, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Deirdre O. Dexter ("ALJ") issued an unfavorable decision on May 10, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels but with non-exertional limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to analyze Claimant's impairments at step two, and (2) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five.

### Consideration of Obesity

In her decision, the ALJ determined Claimant suffered from the severe impairments of depressive disorder, anxiety disorder, and post-traumatic stress disorder (Tr. 18). She further determined that Claimant suffered from the non-severe impairments of degenerative disc disease, attention deficit/hyperactivity disorder, obesity, gastroesophageal reflux disease, and migraines. (Tr. 19). The ALJ concluded that Claimant retained the RFC to perform full range of work at all exertional levels with non-exertional limitations. Specifically, the ALJ found that Claimant can understand, remember, and perform simple tasks consistent with SVP 1 and SVP2 work with a reasoning level greater than two. Claimant can sustain attention and concentration while doing simple tasks for up to two hours

at a time. Likewise, Claimant can sustain the mental demands associated with performing simple tasks throughout an ordinary workday and workweek. She can interact with supervisors as needed to receive work instruction that is direct and concise but cannot perform jobs that involve over-the-shoulder type supervision. Claimant is able to work in proximity to co-workers so long as the job does not involve teamwork, close communication, or cooperation with co-workers to complete tasks. Further, the ALJ found Claimant can adapt to routine work settings and forewarned changes in otherwise typically stable and routine work setting. She can interact with the general public, if needed, only to the extent that she may refer a member of the public to a supervisor or co-worker for assistance, but she cannot perform jobs that involve customer service or require interacting with the general public as an essential function of the job. (Tr. 24).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of packager, laundry worker, and garment hanger. (Tr. 27). As a result, the ALJ found Claimant has not been under a disability since September 3, 2019, the date the application was filed. (Tr. 28).

Claimant contends that the ALJ failed to properly consider and analyze Claimant's impairments at step two. Claimant argues that the ALJ failed to include her chronic pain, low back pain, neck pain, and cervicalgia, which are supported by the medical record, as medically determinable impairments. Particularly in reference to Claimant's obesity, she argues that the ALJ improperly classified Claimant's obesity as non-severe and did not consider how

5

obesity impacted her other impairments at step two and beyond.

Social Security Ruling 19-2p requires an ALJ consider that "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" when assessing the RFC. Soc. Sec. Rul. 19-2p, 2019 WL 2374244, *4 (May 20, 2019). "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment(s)." *Id.* at *2. Each case is evaluated based on the information in the record, resulting in "an individualized assessment of the effect of obesity on a person's functioning[.]" *Id.* at *2, *4. "[G]eneral assumptions about the severity or functional effects of obesity combined with [other] impairments" will not be made. *Id.* at *4.

At step two, the ALJ determined Claimant's obesity to be a non-severe impairment. (Tr. 22–23). At this step, the ALJ did consider Claimant's physical impairments and the corresponding medical records, however she failed to analyze how Claimant's obesity affected these impairments. (Tr. 18–19). Moreover, the ALJ at no point mentioned or acknowledged Social Security Ruling 19-2p (Tr. 15–29). During the ALJ's RFC determination at step-four, the ALJ solely focused on evidence relating to the impairments she found to be severe, all of which were mental impairments, she made no mention of Claimant's obesity or its effect on her other non-severe physical impairments. The only mention of Claimant's obesity related to medical records summarized at step-

two. The ALJ acknowledged that on April 16, 2020, Claimant was found to be obese as she was sixty-three inches in height and weighed 204 pounds. (Tr. 18). Additionally, the ALJ stated that at June 17, 2020 doctor's visit Claimant's weight was recorded at "214 pounds, a loss of five pounds." (Tr. 19). The ALJ made no other reference to Claimant's obesity, records of weight, or BMI. Further, nowhere in the opinion did the ALJ explain how Claimant's obesity impacted Claimant's other medically determinable impairments, including her musculoskeletal impairment of degenerative disc disease. This Court finds that the ALJ did not sufficiently consider Claimant's obesity. On remand, the ALJ shall re-evaluate Claimant's medically determinable impairments at step two. Specifically, the ALJ shall consider Claimant's obesity and its overall effect on Claimant's functionality in light of her other impairments in accordance with Social Security Ruling 19-2p.

Given that this Court is reversing on the ALJ's improper consideration of obesity, it need not address the additional arguments at this time. However, if the ALJ in considering Claimant's obesity finds and alternative RFC, the ALJ shall conform his hypothetical question to the new RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of

7

Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

    **DATED** this 8th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**